THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0194-JCC |
| Plaintiff, | ORDER |
| v. | |
| KEVIN SCOTT TA, | |
| Defendant. | |

This matter comes before the Court on the parties' stipulated motion for entry of a discovery protective order, as permitted by Federal Rule of Criminal Procedure 16(d) (Dkt. No. 19). Having thoroughly considered the motion and the relevant record, the Court finds good cause to ENTER the following protective order.

## **DISCOVERY PROTECTIVE ORDER**

As used in this order, the term "Protected Material" means sensitive material pertaining to a fentanyl overdose on May 6, 2018, specifically including witness statements, cell phone records, social media records, medical records, and/or an autopsy report. The failure to designate any materials as "Protected Material," as provided in this paragraph, shall not constitute a waiver of a party's assertion that such materials are covered by this protective order.

Possession of Protected Material is limited to the attorney(s) of record in this case and their staff, and to any investigators, expert witnesses, and other agents the attorneys of record

retained in connection with this case. The attorney(s) of record, and their investigators, expert witnesses, and other agents can review Protected Material with Defendant. Defendant can inspect and review Protected Material, but shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof.

Defense counsel shall not provide Protected Material or copies thereof to any other person outside her law office, including Defendant, his family, or associates. While he is at the Federal Detention Center ("FDC"), Defendant will be permitted to review Protected Material, consistent with the regulations established by the Bureau of Prisons for discovery materials subject to a protective order and designated as protected or sensitive material. Consistent with those rules and regulations, Defendant will be permitted to review Protected Material with his counsel or in a controlled environment at the FDC, but will be prohibited from keeping a copy of the material in his own possession, printing it out, copying it, or distributing it.

Defendant, defense counsel, and others to whom disclosure of the content of Protected Material may be necessary to assist with the preparation of the defense, shall not disclose Protected Material or its contents, other than as necessary for the preparation of defense at trial and in subsequent appellate proceedings, if necessary. Specifically, the attorney(s) of record and members of the defense team acknowledge that providing copies of Protected Material to Defendant and other persons is prohibited, and agree not to duplicate or provide copies of Protected Material to Defendant or other persons. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to pursue other investigations or the prosecution in this case. Nor does it limit employees of the United States Attorney's Office for the Western District of Washington from disclosing Protected Material to the defense as necessary to comply with the Government's discovery obligations.

Nothing in this protective order prohibits defense counsel from showing Protected

Material, or reviewing its contents, to Defendant or to others to whom disclosure may be necessary to assist with the preparation of the defense at trial and in subsequent appellate proceedings, if necessary.

If counsel for any party finds it necessary to file any documents marked as Protected Material, the material shall be filed under seal with the Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant Local and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

Nothing in this order shall prevent any party from seeking modification of this protective order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on defense counsel, defense counsel shall bring any concerns about the terms of the order to the attention of the Government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the order to the attention of the Court by way of a motion.

Nothing in this protective order should be construed as imposing any discovery obligations on the Government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

This protective order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

At the conclusion of the case, Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this protective order.

1     It is so ORDERED.

2     DATED this 2nd day of October 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE