_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

**MAR 07 2019**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-194 JCC |
| Plaintiff | **PLEA AGREEMENT** |
| v. | |
| KEVIN SCOTT TA, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Jessica M. Manca, Special Assistant United States Attorney for said District, KEVIN SCOTT TA, and his attorney, Sara Brin, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11:

1.     **Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Superseding Indictment.

        a.     *Felon in Possession of Firearms*, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1);

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1              b.     *Possession of Controlled Substances with Intent to Distribute*, as

2    charged in Count 2, in violation of Title 21, United States Code, Sections 841(a)(1) and

3    (b)(1)(B), a lesser-included offense; and

4              c.     *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*,

5    as charged in Count 3, in violation of Title 18, United States Code, Section 924(c)(1)(A).

6         By entering these pleas of guilty, Defendant hereby waives all objections to the

7    form of the charging document.  Defendant further understands that before entering his

8    guilty plea, he will be placed under oath.  Any statement given by Defendant under oath

9    may be used by the United States in a prosecution for perjury or false statement.

10         2.    **Elements**.  The elements of the offenses to which Defendant is pleading

11    guilty are as follows:

12              a.     The elements of *Felon in Possession of Firearms*, as charged in

13    Count 1, in violation of Title 18, United States Code, Section 922(g)(1), are as follows:

14              **First**, Defendant knowingly possessed a firearm; and

15              **Second**, at the time Defendant possessed the firearm, he had previously been

16              convicted of a crime punishable by a term of imprisonment exceeding one

17              year;

18              **Third**, the firearm had previously been shipped or transported from one

19              state to another, or from a foreign nation to the United States.

20              b.     The elements of *Possession of Controlled Substances with Intent to*

21    *Distribute*, as charged in Count 2, in violation of Title 21, United States Code, Sections

22    841(a)(1) and (b)(1)(B), are as follows:

23              **First**, Defendant knowingly possessed a controlled substance, that is,

24              methamphetamine or heroin; and

25              **Second**, Defendant possessed the controlled substance with the intent to

26              distribute it to another person.

27

28

Plea Agreement / Kevin Ta - 2

1    c.    The elements of *Possession of a Firearm in Furtherance of a Drug*
2 *Trafficking Crime*, as charged in Count 3, in violation of Title 18, United States Code,
3 Section 924(c)(1)(A), are as follows:

4    **First**, Defendant committed the crime of *Possession of Controlled*
5    *Substances with Intent to Distribute*, as charged in Count 2 of the
6    Superseding Indictment, which is a drug trafficking crime;
7    **Second**, Defendant knowingly possessed a firearm; and
8    **Third**, Defendant possessed the firearm in furtherance of the crime of
9    *Possession of Controlled Substances with Intent to Distribute*.

10    3.    **The Penalties**.  Defendant understands that the statutory penalties
11 applicable to the offenses to which he is pleading guilty are as follows:

12    a.    For the offense of *Felon in Possession of Firearms*, as charged in
13 Count 1, in violation of Title 18, United States Code, Section 922(g)(1): A maximum term
14 of imprisonment of up to 10 years, a fine of up to $250,000.00, a period of supervision
15 following release from prison of up to 3 years, and a mandatory special assessment of
16 $100.00 dollars.

17    b.    For the offense of *Possession of Controlled Substances with Intent to*
18 *Distribute*, as charged in Count 2, in violation of Title 21, United States Code, Sections
19 841(a)(1) and (b)(1)(B):  A maximum term of imprisonment of up to 40 years and
20 mandatory minimum term of imprisonment of 5 years, a fine of up to $5,000,000.00, a
21 period of supervision following release from prison of at least 4 years, and a mandatory
22 special assessment of $100.00 dollars.

23    c.    For the offense of *Possession of a Firearm in Furtherance of a Drug*
24 *Trafficking Crime*, as charged in Count 3, in violation of Title 18, United States Code,
25 Section 924(c)(1)(A):  A maximum term of imprisonment of up to Life and a mandatory
26 minimum term of imprisonment of 5 years, which sentence must be served consecutive to

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   any other sentence, a fine of up to $250,000.00, a period of supervision following release

2   from prison of up to 5 years, and a mandatory special assessment of $100.00 dollars.

3        Defendant understands that supervised release is a period of time following

4   imprisonment during which he will be subject to certain restrictive conditions and

5   requirements.  Defendant further understands that if supervised release is imposed and he

6   violates one or more of the conditions or requirements, Defendant could be returned to

7   prison for all or part of the term of supervised release that was originally imposed.  This

8   could result in Defendant's serving a total term of imprisonment greater than the statutory

9   maximum stated above.

10        Defendant understands that as a part of any sentence, in addition to any term of

11   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

12   restitution to any victim of the offense, as required by law.

13        Defendant further understands that a consequence of pleading guilty may include

14   the forfeiture of certain property either as a part of the sentence imposed by the Court, or

15   as a result of civil judicial or administrative process.

16        Defendant agrees that any monetary penalty the Court imposes, including the

17   special assessment, fine, costs, or restitution, is due and payable immediately and further

18   agrees to submit a completed Financial Statement of Debtor form as requested by the

19   United States Attorney's Office.

20        4.   **Drug Offense - Proof of Drug Quantity for Mandatory Minimum.**

21   Defendant further understands that in order to invoke the statutory sentence for the drug

22   offense charged in Count 2, the United States must prove beyond a reasonable doubt that

23   the offense charged in this count involved 5 grams or more of methamphetamine, its salts,

24   isomers, or salts of its isomers. Defendant expressly waives the right to require the United

25   States to make this proof at trial and stipulates as a part of this plea of guilty that the

26   offense charged in Count 2 involved 5 grams or more of methamphetamine, its salts,

27   isomers, or salts of its isomers.

28

Plea Agreement / Kevin Ta - 4

1       5.    **Drug Offenses - Program Eligibility**.  Defendant understands that by

2 pleading guilty to a felony drug offense, Defendant will become ineligible for certain food

3 stamp and Social Security benefits as directed by Title 21, United States Code, Section

4 862a.

5       6.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

6 pleading guilty, he knowingly and voluntarily waives the following rights:

7           a.    The right to plead not guilty and to persist in a plea of not guilty;

8           b.    The right to a speedy and public trial before a jury of his peers;

9           c.    The right to the effective assistance of counsel at trial, including, if

10                Defendant could not afford an attorney, the right to have the Court

11                appoint one for him;

12           d.    The right to be presumed innocent until guilt has been established

13                beyond a reasonable doubt at trial;

14           e.    The right to confront and cross-examine witnesses against Defendant

15                at trial;

16           f.    The right to compel or subpoena witnesses to appear on his behalf at

17                trial;

18           g.    The right to testify or to remain silent at trial, at which trial such

19                silence could not be used against Defendant; and

20           h.    The right to appeal a finding of guilt or any pretrial rulings.

21       7.    **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

22 guaranteed what sentence the Court will impose.

23       8.    **Forfeiture of Property**. Defendant agrees to forfeit to the United States

24 immediately all of his right, title, and interest in any property that constitutes was used, or

25 intended to be used, to commit or to facilitate commission of Possession of Controlled

26 Substances with Intent to Distribute (as charged in Count 2 of the Superseding Indictment)

27 and any property constituting or derived from proceeds he obtained as a

28

Plea Agreement / Kevin Ta - 5

1  result of this offense. This property is subject to forfeiture pursuant to Title 21, United
2  States Code, Section 853 and includes but is not limited to:

3       a.    one LWRC International rifle, bearing serial number 24-25309;

4       b.    one Smith & Wesson .38 special caliber revolver, bearing serial
5             number CDN8630;

6       c.    one Taurus PT111 9mm handgun, bearing serial number TSC31231;
7
8       d.    one Hialeah .40 caliber handgun, bearing serial number AE06380;

9       e.    one Sig Sauer P229 handgun, bearing serial number 55B086957;

10      f.    one Colt .45 caliber handgun, bearing serial number CJ47566;
11
12      g.    one Smith & Wesson .357 magnum caliber revolver, bearing serial
             number 1D88604;
13
14      h.    one Smith & Wesson 9mm caliber handgun, bearing serial number
             PAE8905; and
15
16      i.    one Glock 19 9mm caliber handgun, bearing serial number UBF784.

17          Defendant also agrees to forfeit to the United States immediately all of his right,
18  title, and interest in any firearm or ammunition involved or used in the commission of
19  Felon in Possession of Firearms (as charged in Count 1 of the Superseding Indictment) or
20  Possession of a Firearm in Furtherance of a Drug Trafficking Crime (as charged in Count
21  3 of the Superseding Indictment). This property is subject to forfeiture pursuant to Title
22  18, United States Code, Section 924(d)(1) and includes but is not limited to:

23      a.    one LWRC International rifle, bearing serial number 24-25309;

24      b.    one Smith & Wesson .38 special caliber revolver, bearing serial
25             number CDN8630;

26      c.    one Taurus PT111 9mm handgun, bearing serial number TSC31231;
27
28

Plea Agreement / Kevin Ta - 6

d.      one Hialeah .40 caliber handgun, bearing serial number AE06380;

e.      one Sig Sauer P229 handgun, bearing serial number 55B086957;

f.      one Colt .45 caliber handgun, bearing serial number CJ47566;

g.      one Smith & Wesson .357 magnum caliber revolver, bearing serial number 1D88604;

h.      one Smith & Wesson 9mm caliber handgun, bearing serial number PAE8905; and

i.      one Glock 19 9mm caliber handgun, bearing serial number UBF784.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, that may be initiated.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes or is traceable to proceeds or facilitated his commission of Possession of Controlled Substances with Intent to Distribute, or was involved or used in his commission of Felon in Possession of Firearms or Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

9.      **Abandonment Of Contraband**. Defendant also agrees that if any federal law enforcement agency seized any firearms, ammunition, or contraband that was in Defendant's direct or indirect control, he abandons any and all interest in those firearms,

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  ammunition, accessories, or contraband and consents to their federal administrative

2  forfeiture, official use, and/or destruction by the federal law enforcement agency that

3  seized them.

4      10.   **Statement of Facts**. The parties agree on the following facts. Defendant

5  admits he is guilty of the charged offenses of Count 1: *Felon in Possession of Firearms*,

6  Count 2: *Possession of Controlled Substances with Intent to Distribute*, and Count 3:

7  *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*:

8      a.   On June 21, 2018, the King County Sheriff's Office executed a

9  search warrant on Defendant's residence in Des Moines, King County,
  Washington.

10

11      b.   During the search, investigators seized the following items from
  Defendant's bedroom:

12

13      •   131 grams of methamphetamine, 102 grams of heroin, and
  fentanyl pills;

14

15      •   one loaded LWRC International rifle, bearing serial number
  24-25309;

16

17      •   one Smith & Wesson .38 special caliber revolver, bearing
  serial number CDN8630;

18

19      •   one Taurus PT111 9mm handgun, bearing serial number
  TSC31231;

20

21      •   one Hialeah .40 caliber handgun, bearing serial number
  AE06380;

22

23      •   one Sig Sauer P229 handgun, bearing serial number
  55B086957;

24

25      •   one Colt .45 caliber handgun, bearing serial number CJ47566;

26      •   one Smith & Wesson .357 magnum caliber revolver, bearing
  serial number 1D88604;

27

28

Plea Agreement / Kevin Ta - 8

1         •     a green storage tub filled with rifle parts, gun parts, magazines, and ammunition of various calibers;

2

3         •     a tactical/ballistic vest; and

4

5         •     two bump stocks.

6       c.     Investigators also seized the following items from the trunk of Defendant's car, a white Audi S4 sedan:

7

8         •     Controlled substances, including methamphetamine, heroin, and cocaine, a digital scale, and packaging material;

9

10         •     one Smith & Wesson 9mm caliber handgun, bearing serial number PAE8905;

11

12         •     one Glock 19 9mm caliber handgun, bearing serial number UBF784;

13

14       d.     Defendant knowingly possessed all of the aforementioned controlled substances and firearms. Defendant admits that he possessed the methamphetamine and heroin with the intent to distribute those substances to other people. Defendant further admits to possessing the LWRC International rifle in furtherance of the crime of Possession of Controlled Substances with Intent to Distribute. Specifically, he stored this loaded rifle in his bedroom closet, next to the safe where he stored most of his controlled substances, in order to protect himself, his stash of controlled substances, and the financial proceeds from his drug sales.

15

16

17

18

19

20       e.     Prior to possessing the aforementioned firearms, Defendant had previously been convicted of *Robbery in the First Degree*, on or about January 24, 2013, under cause number 12-1-04954-4, in King County Superior Court, Washington, which is a crime punishable by a term of imprisonment exceeding one year.

21

22

23

24       f.     Each of the aforementioned firearms was shipped from one state to another state, or from a foreign nation to the United States, prior to being possessed by Defendant in the State of Washington.

25

26       g.     The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties)

27

28

Plea Agreement / Kevin Ta - 9

and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

11.     **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.     The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement / Kevin Ta - 10

1         d.     Defendant may not withdraw his guilty plea solely because of the

2 sentence imposed by the Court.

3       12.    **Acceptance of Responsibility.** At sentencing, *if* the district court concludes

4 Defendant qualifies for a downward adjustment acceptance for acceptance of

5 responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or

6 greater, the United States will make the motion necessary to permit the district court to

7 decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

8 because Defendant has assisted the United States by timely notifying the United States of

9 his intention to plead guilty, thereby permitting the United States to avoid preparing for

10 trial and permitting the Court to allocate its resources efficiently.

11       13.    **Sentencing Factors.** The parties agree that the following Sentencing

12 Guidelines provisions apply to this case:

13         a.     A base offense level of 30 is applicable to Count 2, pursuant to USSG

14                 § 2D1.1(c)(5), because the offense involved a converted drug weight

15                 between 1,000 and 3,000 kilograms.

16         b.     The parties agree that the base offense level calculation for Count 2

                should be based on the amounts of methamphetamine and heroin

17                 only.

18     The parties agree they are free to present arguments regarding the applicability of

19 all other provisions of the United States Sentencing Guidelines. Defendant understands,

20 however, that at the time of sentencing, the Court is free to reject these stipulated

21 adjustments, and is further free to apply additional downward or upward adjustments in

22 determining Defendant's Sentencing Guidelines range.

23       14.    **Recommendation Regarding Imprisonment.** The government will

24 recommend a sentence no higher than fourteen (14) years' imprisonment. Except as

25 otherwise provided in this plea agreement, the parties are free to present arguments

26 regarding any other aspect of sentencing, to include arguments with respect to the

27

28

Plea Agreement / Kevin Ta - 11

1  sentencing guidelines calculations.  In connection with these arguments, the parties agree
2  they are not limited to the facts included in Paragraph 11.  Defendant is not bound by the
3  government's recommendation.  The Court is not bound by any recommendation
4  regarding the sentence to be imposed, and may impose any term of imprisonment up to the
5  statutory maximum penalty authorized by law.   Defendant further understands that he
6  cannot withdraw his guilty plea simply because of the sentence imposed by the district
7  court.

8         15.    **Other Consideration.** It is the understanding of this parties that, if
9  Defendant enters into this Plea Agreement with the United States, the King County
10  Prosecutor's Office will not prosecute Defendant for conduct investigated under King
11  County Sheriff's Office incident C18020199.

12         16.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,
13  the United States Attorney's Office for the Western District of Washington agrees not to
14  prosecute Defendant for any additional offenses known to it as of the time of this
15  Agreement that are based upon evidence in its possession at this time, and that arise out of
16  the conduct giving rise to this investigation, and to move to dismiss Counts 1, 2, 3, and 7
17  of the Indictment at the time of sentencing.

18         In this regard, Defendant recognizes the United States has agreed not to prosecute
19  all of the criminal charges the evidence establishes were committed by Defendant solely
20  because of the promises made by Defendant in this Agreement.  Defendant agrees,
21  however, that for purposes of preparing the Presentence Report, the United States
22  Attorney's Office will provide the United States Probation Office with evidence of all
23  conduct committed by Defendant.

24         Defendant agrees that any charges to be dismissed before or at the time of
25  sentencing were substantially justified in light of the evidence available to the United
26  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

27
28

Plea Agreement / Kevin Ta - 12

1   with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119

2   (1997).

3       17.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

4   Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

5   Agreement and Defendant may be prosecuted for all offenses for which the United States

6   has evidence.  Defendant agrees not to oppose any steps taken by the United States to

7   nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

8   Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

9   Defendant has waived any objection to the re-institution of any charges in the Indictment

10  that were previously dismissed or any additional charges that had not been prosecuted.

11      Defendant further understands that if, after the date of this Agreement, Defendant

12  should engage in illegal conduct, or conduct that violates any conditions of release or the

13  conditions of his confinement, (examples of which include, but are not limited to,

14  obstruction of justice, failure to appear for a court proceeding, criminal conduct while

15  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

16  Officer, Probation Officer, or Court), the United States is free under this Agreement to file

17  additional charges against Defendant or to seek a sentence that takes such conduct into

18  consideration by requesting the Court to apply additional adjustments or enhancements in

19  its Sentencing Guidelines calculations in order to increase the applicable advisory

20  Guidelines range, and/or by seeking an upward departure or variance from the calculated

21  advisory Guidelines range.  Under these circumstances, the United States is free to seek

22  such adjustments, enhancements, departures, and/or variances even if otherwise precluded

23  by the terms of the plea agreement.

24      18.   **Waiver of Appellate Rights and Rights to Collateral Attacks.**  Defendant

25  acknowledges that by entering the guilty plea required by this plea agreement, Defendant

26  waives all rights to appeal from his conviction and any pretrial rulings of the court.

27  Defendant further agrees that, provided the court imposes a custodial sentence that is

28

within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19.    **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

20.    **Statute of Limitations**.  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

Plea Agreement / Kevin Ta - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Agreement by the Court; or (2) thirty (30) days following the date on which a breach of
2   the Plea Agreement by Defendant is discovered by the United States Attorney's Office.
3       21.    **Completeness of Agreement**.  The United States and Defendant
4   acknowledge that these terms constitute the entire Plea Agreement between the parties.
5   This Agreement binds only the United States Attorney's Office for the Western District of
6   Washington.  It does not bind any other United States Attorney's Office or any other
7   office or agency of the United States, or any state or local prosecutor.

9       Dated this 7th day of March, 2019.

KEVIN TA
Defendant

SARA BRIN
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

JESSICA MANCA
Special Assistant United States Attorney

Plea Agreement / Kevin Ta - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970